# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

TIMOTHY ALLEN JONES,

      Petitioner,

v.                                            Case No. 8:25-cv-1953-WFJ-NHA

SECRETARY, DEPARTMENT OF
CORRECTIONS,

      Respondent.

_____/

## ORDER

Timothy Allen Jones is a Florida prisoner serving a 25-year sentence for attempted first-degree murder. He initiated this action by filing a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). On July 25, 2025, the Court gave Mr. Jones 30 days to show cause why his petition should not be dismissed as untimely. (Doc. 6). The deadline passed without a response. For the reasons explained below, Mr. Jones's petition is dismissed as untimely. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020) (district court may "*sua sponte* dismiss[] [a] § 2254 petition [for untimeliness] after giving [petitioner] notice of its decision and an opportunity to be heard in opposition").

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. As

relevant here, the limitation period begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

On September 1, 2022, Mr. Jones pled *nolo contendere* to attempted first-degree murder and was sentenced to 25 years' imprisonment. (Doc. 6-2). Because he did not file a direct appeal, his conviction became final on October 3, 2022, when the time to appeal expired. *See Bailey v. Sec'y, Fla. Dep't of Corr.*, No. 3:20-cv-1463-TJC-LLL, 2024 WL 964197, at *3 (M.D. Fla. Mar. 6, 2024) ("Because Petitioner did not appeal the [] judgment and sentence, his conviction became final when the time to file a direct appeal in the state court expired: thirty days after entry of the judgment. . . ."). The AEDPA limitation period began to run the next day—October 4, 2022.

The limitation period ran uninterrupted until it expired one year later, on October 4, 2023. Mr. Jones did not file any tolling applications before that date. Instead, in August 2024, he moved for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Doc. 6-1 at 6). By that time, however, the limitation period had already expired. "[A] state court petition . . . that is filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled." *Tinker v. Moore*,

255 F.3d 1331, 1333 (11th Cir. 2001). Therefore, Mr. Jones's § 2254 petition—filed on July 17, 2025—is untimely by almost two years.[1]

In its show-cause order, the Court gave Mr. Jones an opportunity to establish that he is entitled to equitable tolling, that the actual-innocence exception overcomes the time bar, or that he is entitled to a later start date of the limitation period. (Doc. 6 at 3). Mr. Jones did not respond to the show-cause order. In his petition, however, he asserts that he is "disabled mentally." (Doc. 1 at 18). The Court liberally construes this assertion as a request for equitable tolling.

AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his § 2254 petition. *Id.* at 649 (quoting *Pace*, 544 U.S. at 418). A petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011).

---

[1] On October 11, 2022, Mr. Jones moved to withdraw his plea. (Doc. 6-3). The trial court denied the motion on October 19, 2022, and Mr. Jones did not appeal. (Doc. 6-1 at 6). Because the motion was filed more than 30 days after the September 1 sentencing, it was untimely and had no effect on the finality of Mr. Jones's conviction. *See Branham v. Sec'y, Fla. Dep't of Corr.*, No. 8:06-cv-569-EAK-EAJ, 2008 WL 344510, at *3 (M.D. Fla. Feb. 7, 2008) ("In Florida, a *timely* motion to withdraw a plea after sentencing . . . tolls the time for rendition of a final order imposing judgment and sentence until the trial court files a signed, written order disposing of the motion." (emphasis added)); Fla. R. Crim. P. 3.170(l) (motion to withdraw plea must be filed within thirty days of sentencing). Likewise, because the motion was untimely, it was not "properly filed so as to toll the one-year federal habeas limitations period." *Hull v. Sec'y, Dep't of Corr.*, No. 8:13-cv-1838-CEH-TGW, 2014 WL 5474582, at *1 n.3 (M.D. Fla. Oct. 29, 2014) (finding that "untimely" motion to withdraw plea did not toll limitation period).

Because this is a "difficult burden" to meet, the Eleventh Circuit "has rejected most claims for equitable tolling." *Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004); *see also Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) ("[E]quitable tolling applies only in truly extraordinary circumstances."); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("Equitable tolling is an extraordinary remedy which is typically applied sparingly."). "[T]he burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner," and "[m]ere conclusory allegations are insufficient to raise the issue of equitable tolling." *San Martin*, 633 F.3d at 1268.

Mr. Jones claims that he is intellectually disabled, but he has not shown that his alleged condition justifies equitable tolling. "[M]ental impairment is not *per se* a reason to toll a statute of limitations." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). Instead, a petitioner "must establish a causal connection between his alleged mental incapacity and his ability to file a timely petition." *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005); *see also Hunter*, 587 F.3d at 1308 ("[T]he alleged mental impairment must have affected the petitioner's ability to file a timely habeas petition.").

Mr. Jones fails to meet his burden. He "has not provided any documentation or other evidence that he has been diagnosed as mentally [disabled] or submitted any test results showing his IQ." *Sacco v. Sec'y, DOC*, No. 3:12-cv-1250-BJD-PDB, 2015 WL 4645874, at *3 (M.D. Fla. Aug. 5, 2015). Nor has he "provided any evidence to show that a significant mental disability was what prevented him from filing a timely habeas petition." *Taylor v. Lightner*, No. 14-cv-156-WS-N, 2015 WL 3407622, at *5 (S.D. Ala. May 27,

2015); *see also Spears v. Warden*, 605 F. App'x 900, 905 (11th Cir. 2015) ("[T]he record indicates that [petitioner] has some history of mental-health issues and medication, but [he] has not explained how his mental-health issues or medication . . . affected his ability to file a timely petition.").

Moreover, Mr. Jones timely sought postconviction relief in state court, filing a Rule 3.850 motion within the two-year deadline. (Doc. 6-1 at 6; *see also Castleberry v. State*, 880 So. 2d 765, 765 (Fla. 2d DCA 2004) ("Rule 3.850 requires that a motion for postconviction relief be filed within two years after the judgment and sentence become final.")). His ability to timely pursue state remedies undermines any suggestion that he could not do the same in federal court. *See Fox v. McNeil*, 373 F. App'x 32, 34 (11th Cir. 2010) (equitable tolling not warranted based on mental illness because, among other things, petitioner "was able to file several *pro se* motions in state court for post-conviction relief"); *Burnett v. Sec'y, Fla. Dep't of Corr.*, No. 3:18-cv-1440-LC-CJK, 2019 WL 920203, at *4 (N.D. Fla. Jan. 23, 2019) ("[Petitioner] fails to explain why he was able to timely pursue the state remedies, but not a federal remedy."), *adopted by* 2019 WL 919592 (N.D. Fla. Feb. 25, 2019).

For these reasons, Mr. Jones fails to show that his alleged mental disability warrants the application of equitable tolling. Therefore, the petition must be dismissed as untimely.

Accordingly, it is **ORDERED** that:

1. Mr. Jones's petition (Doc. 1) is **DISMISSED as untimely**.

2. The **CLERK** is directed to enter judgment against Mr. Jones and to **CLOSE** this case.

- 5 -

3. Mr. Jones is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's dismissal of his petition. 28 U.S.C. § 2253(c)(1). To obtain a certificate of appealability, Mr. Jones must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is untimely, Mr. Jones cannot satisfy the second prong of the *Slack* test. And because Mr. Jones is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida, September 4, 2025.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE